UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DARYL LARAY JOHNSON,<br><br>                     Petitioner,<br><br>vs.<br><br>STATE OF IDAHO,<br><br>                   Respondent. | Case No. 1:21-cv-00042-DCN<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Petition for Writ of Mandate under 28 U.S.C. § 1651 of Petitioner Daryl Laray Johnson was conditionally filed by the Clerk of Court due to his status as a prisoner and pauper. Dkts. 3, 1. A "conditional filing" means that Petitioner must obtain authorization from the Court to proceed. After reviewing the Complaint, the Court has determined that Petitioner cannot proceed.

**REVIEW OF COMPLAINTS**

1. **Factual Allegations**

Petitioner alleges that he filed a pro se state petition for writ of habeas corpus in an Idaho state magistrate court on August 20, 2020. The respondent did not answer the petition, and the state magistrate court refused to grant Petitioner's request for an entry of default judgment. Petitioner next filed a writ of execution, which was returned to him with a notation to pay the $200 filing fee. Petitioner then filed petition for writ of mandate with the state district court, asking it to compel the magistrate court to grant the relief sought in

the original state habeas action.

Petitioner followed that filing with a petition for writ of mandate addressed to the Idaho Supreme Court. Though he filed the petition with the Idaho Supreme Court on January 14, 2021, that court has not yet adjudicated his action. Rather than waiting for the court to adjudicate that matter in due course, he filed this federal action, asking the federal district court to "exercise its jurisdiction and issue the Writ of Mandate under 28 U.S.C. 1651, the All Writs Act and grant the petitioner the relief sought from original state habeas action [Default Also] immediately with prejudice." Dkt. 1, p. 2 (verbatim).

## 2. Standard of Law

The Prison Litigation Reform Act (PLRA)[1] requires the Court to screen all pro se prisoner and pauper complaints to determine whether they have stated a claim upon which relief can be granted before such complaints are served on the defendants. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court liberally construes a plaintiff's pleadings to determine whether the case should be dismissed for lack of a cognizable legal theory or a failure to plead sufficient facts to support a cognizable legal theory.

The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir.

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

1989). Rule 12(b)(6) authority to dismiss claims as explained in *Jackson* was expanded by the PLRA, giving courts power to dismiss deficient claims sua sponte, either before or after opportunity to amend as explained in *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Under the PLRA, the Court retains screening authority to dismiss claims "at any time" during the litigation, regardless of fee payment. 28 U.S.C. § 1915(e)(2)(B).

Petitioner seeks habeas corpus relief under 28 U.S.C. § 1651, popularly known as the "All Writs Act." That section provides in part: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."

The term "all writs" does not actually mean any and all writs a petitioner might desire, but only those writs that are within the federal court's jurisdiction to issue. A federal district court "lacks jurisdiction to issue a writ of mandamus to a state court." *Demos v. U.S. Dist. Court, E. Dist. of Wash.*, 925 F.2d 1160, 1161 (9th Cir. 1991) (citing 28 U.S.C. § 1651). As "a general rule," we, as federal district courts, cannot use our "power to issue mandamus to a state judicial officer to control or interfere with state court litigation, thus exceeding our jurisdiction." *Accord, In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001) (internal citations omitted) (denying petition for writ of mandamus that asked federal court to order state court to give petitioner access to certain trial transcripts). "[T]to the extent that [Petitioner] attempts to obtain a writ in [federal] court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of law." *Demos,* 925 F.2d at 1161-62.

### 3. Discussion

The law is clear that this Court has no jurisdiction under the All Writs Act, or any other provision of law, to usurp a state court's authority by swooping in, taking over a case, and granting a party the relief it requests in the manner suggested by Petitioner. This Court rejects Petitioner's interpretation of *Marbury v. Madison*, 1 Cranch 137 (1803), that application of the All Writs Acts to his particular set of facts is required to protect him against "invasion" of a state law that is "repugnant to the Constitution." Dkt. 1, p. 2.

In *United States v. Denedo*, 556 U.S. 904, (2009)

> As [*Clinton v.*] *Goldsmith*[, 526 U.S. 529, 129 S.Ct. 2213 (1999)], makes plain, the All Writs Act and the extraordinary relief the statute authorizes are not a source of subject-matter jurisdiction. 526 U.S., at 534–535, 119 S.Ct. 1538. Statutes which address the power of a court to use certain writs or remedies or to decree certain forms of relief, for instance to award damages in some specified measure, in some circumstances might be construed also as a grant of jurisdiction to hear and determine the underlying cause of action. *Cf. Marbury v. Madison*, 1 Cranch 137, 2 L.Ed. 60 (1803). We have long held, however, that the All Writs Act should not be interpreted in this way. *Goldsmith*, *supra*, at 536, 119 S.Ct. 1538; *Plumer*, 27 F. Cas., at 574 (jurisdiction cannot be acquired "by means of the writ to be issued"). The authority to issue a writ under the All Writs Act is not a font of jurisdiction. *See Syngenta Crop Protection, Inc. v. Henson*, 537 U.S. 28, 31, 123 S.Ct. 366, 154 L.Ed.2d 368 (2002).

*Id*. at 913–14.

Accordingly, the Court concludes that it is without the subject matter jurisdiction Petitioner seeks to invoke. According to federal law, the subject matter of the pleading in this case is frivolous, and the entire case will be dismissed. Because there is no possibility that amendment would result in a cognizable claim, the Court will not grant leave to amend.

**ORDER**

**IT IS ORDERED** that the Petition for Writ of Mandate (Dkt. 1) is DISMISSED as frivolous.

DATED: May 17, 2021

_____
David C. Nye
Chief U.S. District Court Judge